DAVID CHAPPEL, appellee, vs. SQUIRE MARVIN, appellant.    *Franklin,*
                                                           January,
                                                             1827.

On a sale of chattels, a delivery of a part, and an agreement to deliver the *key* of a shop containing
the residue to a third person, and an actual delivery of the key to such third person, for the use of
the vendee, is a sufficient delivery of the whole; and will enable the vendee to maintain trespass
against a subsequent purchaser, from the original owner of the chattels under lock and key, not-
withstanding such subsequent purchaser first gets *actual possession* of them, by borrowing the key
of the shop from the third person, with whom it was so left.

THIS was a motion by the defendant, for a new trial, found-
ed on exceptions taken at the trial below, and which appear in
the following case, as allowed and certified up, for the final de-
cision of this Court.

This was an action of trespass, for taking a quantity of white
oak and white ash plank, and other timber, at *Sheldon*, on the
first day of March, A. D. 1826.

Plea, the *general* issue.

*Levi Hapgood,* a witness, testified, that one *Wyllis Redfield,*
then of said *Sheldon,* sold, as he understood, to the plaintiff, the
plank and timber mentioned in the declaration, which were
then in the shop, occupied by the said *Redfield,* and also some
other timber at the *barkhouse* of the witness; that the plaintiff
afterwards came to the *barkhouse* and took away the timber from
the *barkhouse,* and then said *Redfield* told the plaintiff the rest
was in the shop, and he would leave the key of said shop with
the witness, *Hapgood,* or with one *Elisha Ganson,* so that the
plaintiff could come and get the plank and timber when conven-
ient.

*Elisha Ganson,* a witness, stated, that *Redfield* told him he had
sold the timber to the plaintiff, and had received a note against
one *Freeman,* of about ten dollars, and the plaintiff's note for
something more, in payment of the plank and timber; and that
he was to leave the key of the shop with him, *Ganson* or *Hap-
good,* so that the plaintiff could get the same when convenient;
and that *Redfield* did leave the key with him, *Ganson,* when he
went away, as he agreed; and that *Marvin* called upon him for
the key, and the witness let him have it, supposing he called for
the plaintiff.

*Warner,* a witness, testified, that *Redfield* told him and his
brother, that he had sold the timber and plank to the plaintiff.

The taking of the plank and timber at the shop, was admitted
by the defendant.

On the part of the defendant, *John Larned* testified, that he
had some conversation with the said *Redfield,* about purchasing
said plank and timber, and in a second conversation with said
*Redfield,* he, *Redfield,* told the witness, that he had sold the plank
and other timber, to the defendant.

*Roswell Hulbert* testified, that he was present at the shop, and
heard *Redfield* and *Marvin* conversing about the plank and oth-
er timber, and they were then bargaining about the same.
*Redfield* was offering to sell to the defendant, and that defendant
wished to buy.  The witness heard *Redfield* ask *Marvin* if he

Franklin,
January,
1827.

Chappel
vs.
Marvin.

could take away the plank at that time. The defendant said he could not, as he had a load. On the day before *Redfield* left Sheldon, he was at the house of the witness, and *then Redfield* told him he *had* sold the plank and other timber to *Marvin*, and could not otherwise dispose of the same.

The Court thereupon gave in charge to the jury, that if they believed all the testimony on both sides, they ought to find a verdict for the plaintiff; for the purchasing by him, his paying as mentioned, and the agreeing to leave the key and the leaving it, and the plaintiff receiving what was at the *barkhouse*, amounted to a delivery as against *Marvin*; that nothing appears that *Marvin* paid any consideration for the timber, and his obtaining the possession, as testified, was no 'delivery as against the plaintiff. To which decision and charge, the said *Marvin* excepted, &c.

*Burt* having been heard in support of the motion,

*Brown*, contra, rose to reply, but was stopped by the Court.

HUTCHINSON, J. after stating the case, delivered the following opinion.

The only questions litigated in this case, arise upon the charge of the Court to the jury. And the principal question there arising, is, whether the property in question was sufficiently delivered to vest the title in the plaintiff, as against *Marvin*. For the charge was, that if the jury believed all the testimony on both sides, they ought to find for the plaintiff. There was no testimony that *Marvin* ever took possession, or had any control of the property, till the *taking*, of which the plaintiff complains as a trespass; and that control he obtained by the help of the key, which was left by *Redfield*, for the plaintiff; and it was delivered him by *Ganson*, who then supposed he applied in behalf of the plaintiff. This being all the possession of the defendant, the Court have no doubt but that the purchase by the plaintiff, and his going and taking what was in the *barkhouse*, and having the promise that the key of the shop should be left with *Ganson*, to enable him to get at the property in the shop, and the key's being left accordingly, before *Marvin* obtained any possession whatever, as testified by the witnesses, was a sufficient purchase by, and delivery to, the plaintiff, to entitle him to recover of the defendant. It was suggested by the counsel for the defendant, that the Court assumed the province of the jury, in saying, that it did not appear, that *Marvin* paid any consideration for the timber. This was obviously an allusion to there being no testimony of any actual payment by him, of any consideration. As the case undertakes to recite all the testimony, and as there is no mention of any such payment, the allusion was warranted by it.

The defendant takes nothing by his motion, and judgment must be entered upon the verdict, with additional damages and costs.

*Stephen S. Brown*, for the plaintiff.

*A. Burt* and *B. Turner*, for the defendant.