ELBRIDGE G. PACKARD *vs.* SUMNER DUNSMORE.

Delivery of the key of a building in which personal property is stored, by the vendor to the vendee, with intent to surrender possession of the property, is a sufficient delivery as against subsequent attaching creditors of the vendor.

If a witness to a lease is incompetent to testify at the time of its execution and at time of trial, the handwriting of the parties thereto may be proved, as if there was no subscribing witness.

THIS was an action of tort, for the conversion of personal property specified in the declaration. The plaintiff's title was denied. At the trial in the court of common pleas, it appeared that prior to, and on the 19th day of March, 1852, said property belonged to Ferrin W. Decoster, who was carrying on the business of baking, in a bakehouse upon a tract of land owned and occupied by him in the town of Grafton; and that said articles consisted of stock, materials, and implements used in and about said bakehouse in carrying on the business; that on the 19th day of March, said Decoster sold to the plaintiff, for a valuable and adequate consideration, the said real estate and personal property, and received payment therefor principally in his own notes then held by the plaintiff, and in cash for the balance ; that thereupon the said Decoster on that day made and executed to the plaintiff, at East Randolph, in the county of Norfolk, a deed of said real estate and a bill of sale of said personal property. At the same time the plaintiff executed a lease of the same real and personal property to the said Decoster, to hold the same for the term of one year from that date, upon the payment of the rent therein mentioned. Said Decoster then returned to the town of Grafton and continued to hold and remain in possession of said real and personal property. On the 26th of April following, some of said personal property, but not that specified in the plaintiff's writ, was attached by one of Decoster's creditors and carried away. Soon after that, Decoster, in consequence of that attachment and of other difficulties, which disabled him from going on with his said business, wrote to the plaintiff expressing a wish to surrender said lease, and to give up to him the possession of said real and personal property. Thereupon, the plaintiff wrote to Samuel H. Allen, Esq. a counsellor at law in the town of Grafton, authorizing him to accept said offer of Decoster, and to take from him the surrender of said lease and the possession of said real and personal property. In pursuance of this

authority, said Allen called upon said Decoster, and they went to the office of said Allen, which was about a quarter of a mile distant from said real estate. The said Decoster there, between the hours of twelve and one o'clock, on the 11th day of May, 1852, with intent to annul and vacate said lease, and to surrender to the plaintiff possession of said real and personal property, delivered to said Allen the said written lease thereof which he had received from the plaintiff, and the key of the bakehouse. This was all that was done at that time. But it further appeared that the personal property sued for, was then locked up in said bakehouse, and had been for two or three weeks previously, during which time no business had been carried on in said bakehouse, and no use had been made of said real or personal property. On the same 11th day of May, at half after two of the clock in the afternoon, the defendant, by virtue of certain writs which, as deputy sheriff, he held against said Decoster, attached the said articles as his property. On the 13th day of May the plaintiff demanded said articles of the defendant, but they were not given up by him; and afterwards, on the 18th of said month, the defendant, by virtue of said processes in his hands, made sale of the same at public auction.

The defendant objected that the facts aforesaid did not show such a delivery of said personal property to the plaintiff as would enable him to hold it against said attachments made by the defendant, but *Merrick*, J. overruled the objection, and instructed the jury that if the foregoing statement of facts was true, there was such a delivery of said personal property as entitled the plaintiff to hold it against the said attachments of defendant. The defendant also contended, that said sale and conveyance of said real and personal property by said Decoster to the plaintiff, was made with intent to defraud his creditors; and to prove this, he relied, in part, upon the fact of the possession which Decoster had of the property after said sale. To explain that possession, the plaintiff offered said lease from himself to Decoster. Upon the production of said lease, it appeared that there was only one subscribing witness thereto, and that she was the wife of the plaintiff.

The plaintiff thereupon offered evidence of the handwriting of the parties to prove the execution of the instrument. This was objected to by the defendant, but the objection was overruled and the evidence was admitted.

The jury found a verdict for the plaintiff, and to the rulings and instructions aforesaid the defendant excepted.

*W. F. Slocum,* for the defendant.

*S. H. Allen,* for the plaintiff.

METCALF, J. We are of opinion that these exceptions cannot be sustained. The delivery of the key of the building, under the circumstances of the case, was a sufficient delivery of the personal property within it. Ross on Vendors, (1st ed.) 11, 55; 2 Kent Com. (6th ed.) 499, 500; *Wilkes* v. *Ferris,* 5 Johns. 335; *Chappel* v. *Marvin,* 2 Aik. 79. And as the witness to the lease, when she affixed her name to it, and also at the time of the trial, was incompetent to testify to its execution, proof of the parties' handwriting was admissible, as if there had been no attesting witness. *Nelius* v. *Brickell,* 1 Hayw. 19; *Amherst Bank* v. *Root,* 2 Met. 533; Roscoe on Ev. 65. *Exceptions overruled.*